## IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| KEVIN WILLIAMS, | § |
| | § No. 499, 2013 |
| Defendant Below- | § |
| Appellant, | § |
| | § Court Below—Superior Court |
| v. | § of the State of Delaware, |
| | § in and for New Castle County |
| STATE OF DELAWARE, | § Cr. ID 1204002559 |
| | § |
| Plaintiff Below- | § |
| Appellee. | § |

Submitted: June 30, 2014
Decided: August 21, 2014

Before **HOLLAND**, **RIDGELY**, and **VALIHURA**, Justices.

### O R D E R

This 21st day of August 2014, upon consideration of the appellant's brief filed under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1)    In June 2013, a Superior Court jury convicted the appellant, Kevin Williams, on five counts of Unlawful Sexual Contact in the First Degree and one count of Continuous Sexual Abuse of a Child. The State ultimately dismissed two of Williams' convictions for Unlawful Sexual Contact. On his four remaining convictions, the Superior Court sentenced Williams to a total period of twenty-nine years at Level 5 imprisonment, to be suspended after serving twenty-three years in prison for decreasing levels of supervision. This is Williams' direct appeal.

(2)     Williams' counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Williams' counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Williams' attorney informed him of the provisions of Rule 26(c) and provided Williams with a copy of the motion to withdraw and the accompanying brief. Williams also was informed of his right to supplement his attorney's presentation. Williams has raised several issues for this Court's consideration. The State has responded to the position taken by Williams' counsel, as well as to the points raised by Williams, and has moved to affirm the Superior Court's judgment.

(3)     The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(4)     Williams initially was indicted in November 2012 on nineteen charges of unlawful sexual contact and one count of continuous sexual abuse of a child.[2]

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[2] The State was permitted to amend the indictment twice prior to trial.

Williams ultimately went to trial on only six charges. The victims were Williams' minor daughters, both of whom testified against him at his four-day jury trial. Williams' older daughter testified about three specific incidents of molestation occurring between 2003, when the victim was 8 years old, and 2009. Williams' younger daughter also testified against him about two specific incidents of molestation. Williams testified in his own defense. He denied ever touching either of his daughters in an inappropriate way. The jury convicted Williams of all six charges, although the State later dismissed two of those charges.

(5) On appeal, Williams has submitted a sixteen-page typed document that raises a number of overlapping issues. Williams' arguments generally are that: (i) the State committed a *Brady*[3] violation by failing to provide Williams with a copy of a police report dated November 10, 2011; (ii) the Superior Court erred in denying the jury's request to have a copy of the November 10, 2011 police report during its deliberations; (iii) the victims' out-of-court statements and trial testimony contained various discrepancies and were inconsistent with the statements reflected in the November 10, 2011 police report; (iv) his attorney-client privilege was violated because his first lawyer tricked Williams into unknowingly signing a waiver of his preliminary hearing and then later went to work for the Attorney General's office; and (v) the prosecutor engaged in misconduct.

---

[3] *Brady v. Maryland*, 373 U.S. 83 (1963).

(6)    With respect to Williams' claim of a *Brady* violation, the State asserts that Williams had copies of all of the police reports, the Child Advocacy Center interview, and the affidavit of probable cause.  The trial transcript confirms that defense counsel had copies of the documents and the taped interview because they were referred to by defense counsel in his cross-examination of the State's witnesses and were used to point out inconsistencies between the victims' prior statements and their testimony at trial.  Because the State provided defense counsel with the police reports and victim statements, there is no factual basis for Williams' claim of a *Brady* violation.  Moreover, because defense counsel did not request that the November 2011 police report be admitted into evidence, the Superior Court committed no error in denying the jury's request to see it.[4]  Accordingly, there is no merit to Williams' first two arguments on appeal.

(7)    Williams also challenges the discrepancies between the various reports and the testimony of the State's witnesses at trial, which we interpret as a challenge to the sufficiency of the evidence to sustain his convictions.  When a defendant challenges the sufficiency of the evidence on appeal, the relevant question for this Court is whether "after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the

---

[4] *Elbert v. Scott*, 90 A. 587, 594 (Del. 1914) (stating that "[p]apers not admitted in evidence cannot go before a jury....").

4

essential elements of the crime beyond a reasonable doubt."[5] In this case, we find the State's evidence sufficient to support Williams' convictions beyond a reasonable doubt. Although Williams argues that there were inconsistencies between the victims' out-of-court statements and their in-court testimony, the jury is solely responsible for judging the credibility of the witnesses and resolving conflicts in the evidence.[6] It was entirely within the jury's purview to credit the testimony of the State's witnesses at trial. Thus, we find no merit to this argument.

(8) Williams next claims that his attorney-client privilege was violated because his first attorney ended his representation of Williams and accepted a job with the Department of Justice. In support of this claim, Williams contends that his first attorney tricked him into waiving his right to a preliminary hearing by asking Williams to sign in for court when, in fact, the document Williams signed was a waiver of preliminary hearing form. Williams also asserts that, on his first day of trial, he saw his first attorney in the courthouse wishing "good luck" to the prosecutor in Williams' case. Based on these two alleged incidents, Williams seems to suggest that his first attorney actually was working on behalf of the prosecutor.

---

[5] *Williams v. State*, 539 A.2d 164, 168 (Del. 1988) (*quoting Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

[6] *Tyre v. State*, 412 A.2d 326, 330 (Del. 1980).

5

(9)	Williams did not raise this claim in the Superior Court. Generally, this Court will not consider on direct appeal claims of ineffective assistance of counsel that were not raised to the Superior Court in the first instance.[7] The only exception to this general rule is when the ineffectiveness is "so apparent from the record that this Court can fully consider obvious deficiencies in representation."[8] In this case, there is nothing in the current record before us to support Williams' allegation that his first attorney was biased against him and had aided the State in its prosecution of him. Accordingly, we will not consider this unsubstantiated allegation of ineffective assistance of counsel in this direct appeal.

(10)	Williams' final contention alleges various instances of prosecutorial misconduct. Specifically, Williams suggests that the prosecutor unfairly overcharged him with twenty counts in order to compel him to plead guilty. In our criminal justice system, as long as the prosecutor has probable cause to believe the accused has committed an offense defined by statute, the decision on which charges to submit to the grand jury generally rests entirely within the prosecutor's discretion.[9] Williams was obligated to raise any objections or defenses based on alleged defects in the indictment prior to trial.[10] Williams did not raise any

---

[7] *Duross v. State*, 494 A.2d 1265, 1267 (Del. 1985).

[8] *Dobson v. State*, 2013 WL 5918409, *2 (Del. Oct. 31, 2013).

[9] *Albury v. State*, 551 A.2d 53, 61 (Del. 1988).

[10] Del. Super. Ct. Crim. R. 12(b)(2), (f) (2014).

6

challenge to the indictment below, nor did he raise any objections to the State's two amendments to the indictment. Accordingly, we will not consider this claim on appeal.[11]

(11) Williams also contends that the prosecutor engaged in misconduct by failing to collect exculpatory evidence, including his daughter's Facebook account as well as surveillance videos from a mall and a gas station, and in suppressing evidence of the prosecutor's notes from victim interviews. Although the State has a duty to gather and preserve exculpatory evidence,[12] there is nothing in the record to reflect that these materials were ever in the State's possession or that Williams ever requested the State to collect, preserve, and provide him with the surveillance videos or the victim's Facebook account. Moreover, Williams did not request any relief from the Superior Court due to the absence of these materials. Accordingly, the Court will not review this claim on appeal.[13] Furthermore, to the extent that Williams complains that the prosecutor withheld notes from victim interviews, the prosecutor's notes in conjunction with an investigation are not discoverable material.[14]

---

[11] Del. Supr. Ct. R. 8 (2014).

[12] 611 A.2d 956 (Del. 1992).

[13] Del. Supr. Ct. R. 8 (2014).

[14] Del. Super. Ct. Crim. R. 16(a)(2) (2014).

(12) Finally, Williams contends that the prosecutor engaged in misconduct by interfering with his presentation of character witnesses. The record belies this claim. Following the first day of trial, the Court and the parties discussed which of Williams' prior criminal charges and incidents of prior bad conduct the State would be allowed to present in rebuttal to Williams' sixteen identified character witnesses. On the morning of the second day of trial, defense counsel informed the Court that Williams would not be presenting any character witnesses. Under the circumstances, this was a tactical decision by Williams' attorney and reflects no misconduct by the prosecutor.

(13) This Court has reviewed the record carefully and has concluded that Williams' appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Williams' counsel has made a conscientious effort to examine the record and has properly determined that Williams could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

_____
Justice

8